IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEREMY SANGER,

              Plaintiff,

v.                                      CIVIL ACTION NO.   2:23-cv-00069

BRANDON DODRILL, et al.,

              Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Plaintiff Jeremy Sanger's Rule 59(e) Motion to Amend Judgment* (Document 30), the *Memorandum of Law in Support of Plaintiff Jeremy Sanger's Rule 59(e) Motion to Amend Judgment* (Document 31), and the *Defendants' Response in Opposition to Plaintiff's Rule 59(e) Motion to Amend Judgment* (Document 32).

The Plaintiff, Jeremy Sanger, initiated this action with the *Complaint* (Document 1), filed on January 27, 2023. He named as Defendants Brandon Dodrill and Tyler Hogan, both officers in the Oak Hill Police Department, and the City of Oak Hill, West Virginia. Mr. Sanger suffered serious injuries when he crashed his motorcycle in the course of a high-speed chase initiated by Officer Dodrill. The chase allegedly continued after dispatch directed Officer Dodrill to terminate the pursuit. Officer Dodrill was soon joined by Officer Hogan, and they, along with two unnamed bystanders, dragged Mr. Sanger from the ditch where he crashed to a location closer to the edge of the roadway. Mr. Sanger alleges that his injuries were exacerbated by being moved without being properly immobilized.

The Court entered a *Memorandum Opinion and Order* (Document 27) and *Judgment Order* (Document 28) on June 5, 2023, granting a motion to dismiss. The Court found that the Plaintiff's state law claims were barred by W. Va. Code § 55-7-13d(c), which bars recovery for damages that "arise out of a person's commission, attempted commission, or immediate flight from the commission of a felony; and that the person's damages were suffered as a proximate result of the commission…of a felony." The Court concluded that the facts alleged in the complaint established that the Plaintiff's accident and injuries resulted from his commission of felony fleeing. The Court further found that the Plaintiff had not stated a claim as to any constitutional violation because he was not "seized" or placed in custody, and the officers' attempts to provide first aid after the crash were protected by qualified immunity.

The Plaintiff argues that the Court's dismissal was based on clear errors of law and amendment is necessary to prevent manifest injustice. He contends that dismissal of the state assault and battery charge against Officer Dodrill was in error because "any alleged unlawful flight had concluded by the time Officer Dodrill battered Mr. Sanger." (Pl.'s Mem. at 1.) In addition, he argues that Officer Dodrill "was acting outside his official capacity at the time he caused Mr. Sanger to wreck" because the pursuit was in violation of department policy and a directive from dispatch, and that the lack of a conviction for felony fleeing precludes application of W. Va. Code § 55-7-13d(c). (*Id.*) He further argues that the complaint sufficiently alleged excessive force, and that the Court erred in finding that the complaint did not allege that Officer Dodrill seized the Plaintiff. Finally, he contends that the Court erred in deciding affirmative defenses at the motion to dismiss stage.

The Defendants respond that "no error existed in the Court's prior ruling" and that there is no good cause to amend or alter the dismissal. (Def.s' Resp. at 2.) They contend that "[t]he Plaintiff was injured as the sole result of his own conduct and continues to expend valuable judicial resources dealing with this matter." (*Id.*)

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment. The decision to alter or amend a judgment under Rule 59(e) lies within the sound discretion of the trial court. *City of Richmond v. Atlantic Co.*, 273 F.2d 902, 916 (4th Cir.1960). The burden to show adequate grounds is on the party seeking the alteration or amendment. 11 Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 2803 (3d ed.). The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* The Fourth Circuit has further cautioned that reconsideration after entry of judgment should be used sparingly. *Id.*

The Court addressed many of the arguments raised by the Plaintiff in the opinion granting the motion to dismiss. Accepting the *facts* alleged in the complaint as true, Officer Dodrill initiated a high-speed pursuit when Mr. Sanger fled a traffic stop, and the Plaintiff crashed his motorcycle. He suffered serious injuries, which were exacerbated when Officers Dodrill, Hogan, and unnamed bystanders pulled him from a ditch to the side of the road. As the Court previously

found, Officer Dodrill's alleged decision to continue the pursuit in violation of policy and a specific directive to terminate it cannot create a constitutional violation. Those violations of policy are also insufficient to support an allegation that Officer Dodrill was not acting in his official capacity in the pursuit, during which he remained in contact with dispatch.[1] The Court also addressed the argument that affirmative defenses should generally be addressed after discovery and found that the facts alleged in the complaint establish the applicability of W.Va. Code § 55-7-13d(c). Too, the Court carefully considered the factual allegations in the complaint in determining that the allegations, if proven, would not permit a finding that the Plaintiff was seized, as that term is interpreted for Fourth Amendment purposes.

The Plaintiff contests the Court's finding that the factual allegations "do not support a finding that the Defendants acted in a constitutionally unreasonable manner, and their actions in attempting to provide first aid following the crash are protected by qualified immunity." (Mem. Op. at 11.) He argues that the complaint alleges that the officers seized him and applied excessive force when they moved him from the ditch while he was unconscious. The complaint does not allege that the officers took Mr. Sanger into custody, arrested him, handcuffed him, or otherwise restrained his movement after the crash. According to the complaint, Mr. Sanger was unconscious and injured. The officers and bystanders moved him from a ditch to the side of the road. The complaint alleges that Officers Dodrill and Hogan violated the Plaintiff's right to be free from "improper medical treatment." (Compl. at ¶¶ 34, 60, 70.) Whether the Defendants' actions after the accident may properly be construed as efforts to provide first aid, the facts alleged,

---

1 The Plaintiff presumably seeks to draw a fine distinction between the allegations that Officer Dodrill, at all relevant times, was "an officer in the Oak Hill Police Department in Fayette County, West Virginia, and was acting under color of state law," (Compl. at ¶ 2) and "was an employee of the City of Oak Hill acting within the scope of his employment," (*Id.* at ¶ 28) and whether he was acting in his official capacity for purposes of the felony fleeing statute.

4

as the Court previously found, do not support a claim for unreasonable seizure or excessive force. Thus, the Court finds that none of the Plaintiff's arguments constitute appropriate grounds for reconsideration under Rule 59(e).

Wherefore, after careful consideration, for the reasons stated herein and for the reasons stated more fully in the Court's *Memorandum Opinion and Order* (Document 27) granting the motion to dismiss, the Court **ORDERS** that *Plaintiff Jeremy Sanger's Rule 59(e) Motion to Amend Judgment* (Document 30) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 17, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA